# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

| | |
|---|---|
| OCEANCONNECT MARINE UK LTD., <br><br> Plaintiff, <br><br> v. <br><br> M/V COREFORTUNE OL (IMO No. 9511014), its engines, tackle and apparel, etc. <br><br> Defendant *IN REM*. | IN ADMIRALTY <br><br> No. 3:19-cv-06166 <br><br> **[PROPOSED] ORDER APPOINTING TRANSMARINE NAVIGATION CORPORATION AS SUBSTITUTE CUSTODIAN** |

THIS MATTER came before this Court on Plaintiff OceanConnect Marine UK Ltd.'s ("Plaintiff") Motion to Appoint a Substitute Custodian.  This Court has reviewed the files and records herein, including specifically, Plaintiff's Motion to Appoint a Substitute Custodian and the Declaration of Cale Karrick.

NOW, THEREFORE, IT IS HEREBY ORDERED as follows:

1. That upon the seizure of the vessel, the M/V COREFORTUNE OL, IMO No. 9511014, its engines, tackle and other appurtenances ("the Vessel") pursuant to the Warrant of Arrest, the U.S. Marshal for the Western District of Washington is authorized and directed to surrender custody of the Vessel to Transmarine Navigation Corporation as substitute

ORDER APPOINTING SUBSTITUTE CUSTODIAN – Page 1
Case No. 3:19-cv-06166
{29318-00567761;1}

LE GROS BUCHANAN
& PAUL
4025 DELRIDGE WAY SW
SUITE 500
SEATTLE, WASHINGTON 98106-1271
(206) 623-4990

custodian herein, and that upon such surrender, the Marshal shall be discharged from his/her duties and responsibilities for the safekeeping of the Vessel and held harmless from any and all claims arising out of said custodial services.

2. That Transmarine Navigation Corporation, as substitute custodian, shall see to and be responsible for the safekeeping of the Vessel. The duties of the substitute custodian shall include, but are not limited to, ensuring that there is adequate, safe moorage for the Vessel. The substitute custodian is not required to have a person live on board the Vessel, but an officer or authorized agent of the substitute custodian shall go on board the Vessel, from time to time to carry out the duties of substitute custodian. No other person shall be allowed to enter on the Vessel except as provided for herein or as otherwise expressly authorized by order of this Court.

3. That the Vessel may be moved by tug or other safe means from its present moorage to adequate, safe moorage at another suitable location within the waters of this District. The substitute custodian shall notify the office of the U.S. Marshal that the Vessel is to be moved and shall again notify the office of the U.S. Marshal when the Vessel has been moved. Once the Vessel has been moved, the Vessel shall not be moved again without further order of the Court.

4. That Transmarine Navigation Corporation, as substitute custodian, may allow vessel movement(s) and/or normal operations, as needed, within the waters of this District. In permitting such movements and/or operations, the substitute custodian shall notify the office of the U.S. Marshal prior to engaging in any such movement and/or operations and again upon completion of such movement and/or operations. Normal vessel operations

ORDER APPOINTING SUBSTITUTE CUSTODIAN – Page 2
Case No. 3:19-cv-06166
{29318-00567761;1}

Le Gros Buchanan
& Paul
4025 DELRIDGE WAY SW
SUITE 500
SEATTLE, WASHINGTON 98106-1271
(206) 623-4990

include but are not limited to (1) loading and/or offloading of any cargo, and (2) storage of cargo at a suitable facility.

5. That Transmarine Navigation Corporation, as substitute custodian, may if necessary offload any fuel and arrange for disposal of the same. The substitute custodian shall notify the office of the U.S. Marshal prior to engaging in any such offloading and again upon the completion of any such offloading.

6. That Transmarine Navigation Corporation as substitute custodian, may, but is not required to, retain a marine engineer familiar with the Vessel and to take him or her on board the Vessel with authorized agents of Transmarine Navigation Corporation to assist in securing the Vessel.

7. That Transmarine Navigation Corporation, as substitute custodian may, but is not required to, remove those pieces of electronic equipment on board the Vessel, if any, which may be easily removed without damage to the Vessel, and that such removed electronic equipment shall be stored in a safe, secure storage pending further Order of this Court.

8. That Transmarine Navigation Corporation as substitute custodian may but is not required to retain such services as are necessary to clean the interior and/or exterior of the Vessel and/or remove food products with such services to be performed under the supervision of the substitute custodian.

9. That Plaintiff shall arrange to pay charges for moorage of the Vessel and the fees and costs of the substitute custodian and shall reimburse the substitute custodian for such other costs as may be incurred in conduction of the inventory of the equipment on board, in

ORDER APPOINTING SUBSTITUTE CUSTODIAN – Page 3
Case No. 3:19-cv-06166
{29318-00567761;1}

LE GROS BUCHANAN
& PAUL
4025 DELRIDGE WAY SW
SUITE 500
SEATTLE, WASHINGTON 98106-1271
(206) 623-4990

securing the Vessel, in having the Vessel cleaned, in moving the Vessel, and/or in offloading any cargo from the Vessel.

10. That subject to final approval by the Court, all fees, costs, and expenses incurred by Plaintiff or the substitute custodian pursuant to the terms of this Order shall be deemed administrative expenses of the U.S. Marshal.

11. That Plaintiff's attorney shall send a copy of this Order to the owner of the Vessel at the last address known by Plaintiff, and to the address shown on the record of the U.S. Coast Guard by Certified Mail, Return Receipt Requested.

IT IS FURTHER ORDERED THAT all crew members shall remain on board the Vessel and continue to operate and maintain all ship systems pending further order of this Court.

It is further requested that the Clerk of this Court deliver three certified copies of this order to the United States Marshal forthwith.

DATED this ___ day of December, 2019.

_____
UNITED STATES DISTRICT COURT JUDGE

Presented by:

LE GROS BUCHANAN & PAUL

*s/ Eric R. McVittie*
*s/ Mary C. Butler*
Eric R. McVittie, WSBA #20538
Mary C. Butler, WSBA #44855
4025 Delridge Way SW, Suite 500
Seattle, WA 98106-1271
Phone: (206) 623-4990; Fax: (206) 467-4828
Email: emcvittie@legros.com
mbutler@legros.com
Attorneys for Plaintiff OceanConnect Marine UK Ltd.

ORDER APPOINTING SUBSTITUTE CUSTODIAN – Page 4
Case No. 3:19-cv-06166
{29318-00567761;1}

LE GROS BUCHANAN
& PAUL
4025 DELRIDGE WAY SW
SUITE 500
SEATTLE, WASHINGTON 98106-1271
(206) 623-4990